Right both counsel are on zoom. So we see you on video. You can proceed when you're ready counsel Good morning, your honors. May it please the court. I represent the petitioner appellants James Loomis and Janice Escher There's no doubt at this time and at the time of the tax courts decision in 2020 which was eight years after the briefing was completed on the cross-summary judgment motions before the tax court. There has been much litigation involving the so-called derivium matters and those cases That have been considered with respect to the derivium transactions Similar to the one at issue here have concluded that for the purposes of tax reporting the pledging of collateral for purposes of a loan Is not in fact a loan that is a sale for tax reporting purposes May I ask you a question that's been bothering me In looking at your briefing Can you answer this question? Does the taxpayer? challenge the determination of the tax court that the transaction between the taxpayers and Whitco Was a sale of the floating rate notes rather than a loan With the floating rate notes as a security device So your honor At the time of the summary judgment motions. Can you answer that? Yes or no? Do you challenge that determination by the tax court? At this time No No, is that right? That's right. Your honor at this point. What do you mean at this point? This is a hearing on your appeal at this point It's either yes or no. Are you claiming it was a loan and therefore not a taxable event in 2003 or Do you claim or do you concede to the tax court's finding that it was indeed a sale? Which was closed as a loan Which way is it loan or sale? we can we're conceding that it is a Sale at you're conceding. It's a sale. All right. Thank you. Yes. Yes, your honor And The reason I was hesitant to answer your Honor's question and the affirmative is because the record makes it clear that my clients the appellants Believed it to be a loan at the time of the briefing However, given all that has happened since that time and the other decisions that have been read under with respect to the Derivium even though they have facts that are Distinguished their particular case from the other driven cases that have been decided There's so much water under the bridge that we can see that it is alone, but that doesn't and he concedes it's a sale No, I'm sorry You're confusing me a little bit because you're saying that your Client thought it was a loan until he found out that there was a sale of the FRN's by WITCO Is that so he went into this deal from? 2003 until 2008 thinking it was a say alone and now when he finds that That WITCO sold the FRN's it becomes a sale. Is that your position? Not quite your honor the position is that he believed it was alone at the time it was done However, why does that matter? Why do we care what he thought? Because in 10 of the parties is one of the factors that must be considered in the evaluation of the treatment of the issue But it doesn't really matter if it's a sale. It's a sale It gets treated as a sale the fact that he may have thought he'd found a clever tax strategy that would benefit him and he was Wrong doesn't change the fact that it was a sale and for tax purposes gets treated as a sale And you're not contesting that it was a sale. So I'm not sure what's left about this Well, it doesn't resolve the issue because sure it does it's a sale treat it as such You're now trying to claim that you can pull out another argument and say he was defrauded which I find Sort of hypothetical at best But so what if he's got a claim for fraud his claim is against the people who defrauded him not against the US government US government didn't defraud him. He owes the taxes Except if they if the transaction is indeed a sale if you consider the fact that he purchased the ferns only for the purposes of providing it as collateral for a loan then his defect then his election for qualified replacement property was Defective the case that's his problem. That's not the US government's problem. It's not the IRS's problem You seem to be saying gee I've got this aggressive tax strategy and I believe it's going to save me a bundle and if it doesn't I should still save a bundle because somehow I've been defrauded and didn't get the tax strategy success. I expected it just doesn't work that way I appreciate your honors comments. However, if the sale Was part of a transaction that's a singular transaction and it wasn't he sold the company to the employees and then he decided to take the proceeds and put it someplace else, but the sale of the company took place and His attempt to put off taxes didn't succeed Because it wasn't really alone as your honor says the sale to the ESOP should have been if the Sale by WITCO and the sale of the FRN was not a sale Then the transaction where he purchased qualified replacement property failed and the game should have been realized when he sold the Loomis stock to the ESOP and that's when the game would have been recognized, but he 1042 election did he not? He attempted no. No, he didn't attempt to he filed a 1042 election in 2002 then in March of 2003 he went to Morgan Stanley And bought the FRNs Then later in March he made a deal with WITCO which was a loan You tell me now that you don't dispute that it really wasn't a loan that it was a sale So then 2003 there was a taxable transaction to WIT a sale of the FRNs to WITCO End of story, right? The record makes clear presented by mr. Loomis's affidavit and exhibit six to the declaration of parent presented by the commissioner that Loomis Appellants only purchased the FRNs for purposes of completing the transaction with WITCO that We are conceding as a sale But you must consider the transaction as a singular transaction under the step doctrine the step Transaction doctrine embodies substance over the principles and it treats a series of formally separate steps as a single transaction The steps are in substance integrated interdependent and focused toward a brick particular result the presentation From the derivium parties that was presented by the commissioner in the declaration of parent as well as mr Loomis's affidavit make clear that it was intended to be a singular Transaction it was intended to accomplish a tax strategy where he'd save a bunch of money But it didn't work and you now concede it didn't work and I'm mystified as to why you think you can say well But I should still because I wanted to save a bunch of money I should still be able to save a bunch of money So I'm going to reform all of my filings in a way that lets me save a bunch of money What authority says it works that way because it doesn't Clear which is it's instructive where the election failed with respect to the 1042 election that the Why did they found that the gain should have been paid at the time of the initial Acquisition and sale to the the initial sale to the ESOP and your client chose not to have it recognized by filing a 1042 Right he Chose not to have it recognized. He filed a 1042. He said don't recognize it in 2002 I've got a year to replace it with qualified Property and he did that Now, yeah, I could I could understand if you were arguing it wasn't really a sale. It was a loan The only problem with that is why didn't your client pay interest from 2007 on You claimed that was because he learned that the FRN's had been sold But the agreement that he had with WITCO Specifically provided that WITCO could sell the FRN's and had to replace them at time of repayment of the loan So that argument doesn't hold any water at all So, what is your argument That if that if it is a sale then the transaction needs to be considered a singular transaction under the step doctrine and The election is a QRP fails and the game should have been recognized in 2002 Alternatively if it should have been recognized at the time that he discovered the fraudulent transaction That is that it was sold and why do you say it was fraudulent your man? Agreed in writing it that WITCO could sell the FRN's What's the fraud He was not aware, oh he wasn't aware because he didn't read the document is that the idea He wasn't aware that they were actually sold and that he was well when he signed the documents they weren't sold he signed documents permitting them to sell and It's not being defrauded if you sign something that authorizes WITCO to sell them and my goodness they sold them That's not fraud. The only fraud here is that the tax fraud which your client was hoping to benefit from Didn't take place That's not fraud. I mean you brief repeatedly says it's conceded. It's undisputed. There was fraud. I don't see it Yes, your honor my time is more than after yes My colleagues questions took you over time, but thank you very much for your argument this morning. Thank you Let's give us the Schuman a chance Well, good morning and may it please the court my name is John Schuman and I represent the Commissioner of Internal Revenue the central question in this appeal as the court is recognized here is Whether taxpayers can continue to defer Recognition of a capital gain from their sale of stock under Internal Revenue Code section 1042 After they have disposed of the qualified replacement property. Mr. Schuman, you've heard your opponent concede that point Is there anything else you would like to say to us? No, your honor except that the Solberg case of this court in 2012 is is very similar and and Stand as a very strong precedent for on that issue as well The fraudulent conversion argument that was never raised before the tax court am I correct in that portion of the record That's correct, your honor. And not only that they did not claim a theft loss when they filed their tax return for 2002 or 2003 and they never amended these returns to do so later and you're right They certainly did not advance this claim in the tax court in their Petition and they did not argue in their summary judgment papers that they were entitled to a theft loss deduction under Internal Revenue Code section 163 C 3 so they have entirely waived that and the in any event the as the court has noted the record is established that taxpayers disposition of this replacement property the FLN's FRN's there it was a sale and not a fraudulent conversion The master agreement clearly gave WITCO the right to sell the replacement property Without the consent of the taxpayers and that's what they did so it's as if taxpayers had sold their car for cash To a third-party buyer and signed over the title and then they called the police and said hey this person drove off with my car Well, the the buyer had every right to do that The police aren't arresting anyone buyer has title and every right to possession and it's it's the same situation here And as the court is noted taxpayers may have had some kind of claim against Derivium or WITCO For bad advice since these transactions were a sham and they could not result in the indefinite deferral of gain But that is of no consequence in this lawsuit between taxpayer and and the government A Taxpayers also assert that there are some procedural irregularities That require reversal to tax courts decision, but there are none The tax courts delay in ruling on the summary judgment motions was not ideal But it caused no prejudice to taxpayers and they do not even assert that they were harmed in any way by this delay The evidence supporting the tax courts decision Has always been part of the record Below and it was available to the court and to the parties during the summary judgment proceedings the tax court clerk's office Really uploaded these exhibits fairly recently so that they will be available to this court In the resolution of this appeal. There's nothing improper in the handling of these exhibits. And in any case, there's no prejudice To tax court to to the taxpayers here I think we we've already discussed the taxpayers other argument that this was a Defective deferral of gain because they never owned the replacement property well the That's just not true. There's several flaws with that argument as the court has already noted But it I would I would note that the timeline at this Was that Taxpayers purchased the replacement property on February 28 2003 and they held it until March 25th 2003 that's about three and a half weeks only then Did they after that three and a half weeks did they authorize their financial institution to transfer it to WITCO So they own the property and that that's clear And as noted with the taxpayers filed a joint return for 2002 in which they submitted an election under section 1042 to defer recognition of their gain And they're bound by that election and there was no basis for them to attack their own election They made their bed in essence and now they have to lie on it Unless there are any further questions from the court No, we don't have any questions Thank you. And for the reasons we've discussed today and based on the arguments in our answering brief I ask that court affirm the decision of the tax court. Thank you. Thank you very much both sides for your argument We appreciate it the matter submitted
judges: CLIFTON, BEA, NGUYEN